| | |
|---|---|
| 1 | Kirsten Martinez, SBN 310674 |
| 2 | Bonial & Associates, P.C. |
| | 3160 Crow Canyon Place, Suite 215 |
| 3 | San Ramon, California 94583 |
| | Telephone: (213) 863-6010 |
| 4 | Fax: (213) 863-6065 |
| 5 | Kirsten.Martinez@BonialPC.com |
| 6 | Attorney for Movant, |
| | Wells Fargo Bank, N.A., dba Wells Fargo Auto |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| In re: | Case No. 25-50799 |
| Prithpal Singh,<br>*aka* P Singh<br>*dba* Desi Beatz LLC<br>　　　　　Debtor.<br>_____ / | Chapter 13<br><br>R.S. No. KMM-333<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 2022 TESLA MODEL 3, (V.I.N. 5YJ3E1EBXNF266584)**<br>**[11 U.S.C. § 362(d)(1) and §1301(a)]**<br><br>Hearing:<br>Date:　August 7, 2025<br>Time:　2:30 p.m.<br>Place:　Courtroom 11<br>　　　　280 South First Street<br>　　　　San Jose, CA 95113 |

　　　　This is a core proceeding as defined by the <u>United States Bankruptcy Code</u> and this creditor consents to a final Order or Judgment by the above-entitled Court.

　　　　The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a), <u>et seq</u>. and 28 U.S.C. § 1334, <u>et seq</u>.

　　　　PLEASE TAKE NOTICE as specified above, Movant, Wells Fargo Bank, N.A., dba Wells Fargo Auto, (hereinafter referred to as "Movant"), a secured creditor of Debtor, Prithpal Singh (hereinafter referred to as "Debtor") and non-filing Co-Debtor, Sukhjit Kaur (hereinafter referred to

as "non-filing Co-Debtor"), will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2022 TESLA MODEL 3, (V.I.N. 5YJ3E1EBXNF266584 ) (hereinafter referred to as "the property"), so Movant's interest in and to the property may be repossessed or otherwise disposed of in any manner permitted by the laws of the State of California.

PLEASE TAKE FURTHER NOTICE there is no provision under the prevailing contractual agreement or under California State law which requires Movant to send monthly invoices or payment coupons and Movant contends that upon assignment of the contract to Movant Debtor and non-filing Co-Debtor were, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent. Additionally, Movant contends Debtor and non-filing Co-Debtor were also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

Debtor and non-filing Co-Debtor presently have an outstanding balance of $35,616.27 on the subject account. Based upon information derived from J.D. Power Guide, a true and correct copy of which is attached hereto as Exhibit D, the property has a replacement value to Debtor of $29,350.00.

This Motion is made on the grounds that the prevailing contractual agreement is in default and that Movant is without adequate protection because the monthly payments due thereunder are delinquent.

More specifically, this Motion is brought pursuant to 11 U.S.C. § 362(d)(1) *and § 1301(a)* for "cause" based upon Debtor and non-filing Co-Debtor's failure to make the required Post-Petition payments. As set forth in In Re Ellis, 60 B.R. 432, failure to make required payments constitutes "cause" to vacate the pending automatic stay provisions.

//

As of the date hereof, Debtor and non-filing Co-Debtor are past due for the months August 17, 2024 at the rate $413.88 as well as September 17, 2024 through and including June 17, 2025, payments at the rate of $803.47 per month. A true and correct copy of the payment history evidencing the aforementioned default is attached hereto as Exhibit C. Debtor and non-filing Co-Debtor will become due for the sum of $803.47 again on July 17, 2025.

Moreover, under and pursuant to the Chapter 13 Plan put forth by Debtor hereunder, Debtor rejects the prevailing contractual agreement and intends to surrender possession of the vehicle to Movant. In addition, the property was surrendered to Movant and movant has possession as of April 25, 2025

Additionally, Debtor and non-filing Co-Debtor have failed to provide valid, written proof of insurance coverage for the property which not only violates the terms of the parties' contractual agreement, but which also violates the applicable laws of the State of California.

Accordingly, Movant cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Movant lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. § 362.

Movant will move the above-captioned Court to exercise its jurisdiction in this matter and grant Movant immediate relief from the pending automatic stay provisions which will allow Movant to remain in possession of the property and dispose of the same during the normal course of business. Movant will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C.§ 362, and any and all notice required by State and/or Federal law, regulation or statute.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct copy of the [Proposed] Order setting forth Movant's request for relief is attached hereto as Exhibit E.

Also, Movant will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Motion, the Motion, the Declaration of Robert Keith, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Movant respectfully prays that this Court:

1. Vacate the automatic stay provisions effected under 11 U.S.C. § 362 and § 1301 as to Debtor and non-filing Co-Debtor, along with any and all other stays which might be in effect, so as to allow Movant to enforce its rights and remedies under the parties' original, contractual agreement and thereby allow Movant to remain in possession of the property and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute;

3. Allow Movant to file or amend its unsecured claim to allow Movant to receive, or otherwise collect, any deficient amount that may exist on Debtor account after sale of the property;

4. Require Debtor and non-filing Co-Debtor to immediately provide valid, written proof of insurance coverage for the property;

5. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

//

//

CAN_MtnRlfC13P 4 2520-N-0235

Case: 25-50799    Doc# 13    Filed: 07/10/25    Entered: 07/10/25 10:45:15    Page 4 of 5

6. Grant such other and further relief as the Court may deem just and proper.

Dated: July 10, 2025

Respectfully Submitted,

By: /s/ Kirsten Martinez
Kirsten Martinez
Attorney for Movant,
Wells Fargo Bank, N.A., dba Wells Fargo Auto